The court will proceed to the 7th case, the United States v. Ikegwuonu. Good morning. May it please the court, my name is Anthony Delier, I represent the Iklango brothers. I'd like to start with some things that I think we can all agree on. In 1984, there was a Sentencing Reform Act. It created a Sentencing Commission, and they were authorized to promulgate guidelines. For years, those mandatory sentencing guidelines were sufficient guidance, in case it didn't involve the 924C charge. In fact, the initial sentencing guidelines manual included 2K1. And for years this worked perfectly, until Booker came along. After Booker, things changed somehow. No longer were the guidelines mandatory, they were advisory. But there was some tough times during that change. There was RETA, there were other cases that kept essentially widening the advisory nature of the guidelines. So the question became, really, is 924C or 18 U.S.C. 3553B, which is the guidelines, the correct sentencing mechanism? The government might argue that 924C is a more specific tool for which the courts can impose sentences. But I would argue exactly the opposite. Because there is nothing in that very short statute that compares with the sentencing guidelines and the treatment that they give this particular issue, how these sentences should be computed. And the answer, really, is fairly simple. Because the guidelines themselves are statutory. And there's nothing that gives primacy to anything outside of the guidelines. For years, these courts, the United States courts, have used the guidelines for sentencing. And in fact, they should and do continue to use them to this day. So what I'm really saying, and what we really need to decide, is are the guidelines advisory or mandatory in this particular instance? Is there something about 924C that changes the nature of the advisory guidelines? There's nothing in the statute that changes it. The statute was penned in 1984. So when you look at the plain text of 924C, it provides the courts no guidance whatsoever in what sentences impose in any such crime or in addition to convictions addressed by the statute. And that seems like a horrible oversight by Congress when you first look at it. But then, when you put it in context, this was 1984. They had a plan, the Comprehensive Crime Reform Act, and the sentencing guidelines. And sure enough, the very first sentencing guidelines manual had it in there. And time goes on. Booker, Kimbrough, Rita, and Pepper. Pepper stands for the proposition that the guidelines cannot be partially mandatory. They're either mandatory or advisory. It can't be both. We would argue that here, they cannot be both either. In the split amongst the circuits, when there have been a few of these cases before this court before, and there was some question as to whether there was a split amongst the circuits. There's no question anymore. But United States v. Smith, 756 F. 3rd, 1179, 2014, explicitly contradicts this court's holding in Roberson. They note that it requires a suspension of disbelief that the courts cannot do their jobs statutorily imposed upon them because they're required to essentially ignore the fact that they're going to send somebody to prison for seven years in addition to the guideline sentence. What would the sentence be without the seven years? Excuse me? What would the appropriate sentence be without the seven year add-on? I don't know, Your Honor. I mean, what, well, advisory guidelines or whatever you wanted. Well, in my opinion, I think that the seven years would have been sufficient. Okay, yeah, that's what the problem is, right? Right. I guess your complaint is that they're not supposed to take that into consideration, and the judge did. Is that the problem? Correct. And I guess how much was added on in addition to the seven years? 30 months for Jack and 24 months for his brother, William. And the distinction of those is one, they brandished it. One did more than the other. He did it four times. He just did it once. Is that how it worked out? Correct, sir. So he did it. So here's what I want to know. Why should we reverse our decision in Roberson? Because Roberson precludes, really, your claim. Because that case held that a sentencing judge can't reduce a sentence for the underlying crime to offset the mandatory consecutive 924C. So why should we reverse that? I mean, I think it should be reversed, Your Honor, because, one, there's a split amongst the circuits. Secondly, it's contradicted by the law as expressed in Booker, Kempro, Rita, and Pepper, because the guidelines are either advisory or they are not. By making this statute require that a guideline sentence be imposed without regard to the mandatory minimum seven years that was to follow in this case, essentially makes those guidelines mandatory again. And for that very reason, I think that it should be redressed by this court. Do you want to save some time for a rebuttal? I do. Thank you, sir. All right. Thank you, Mr. Lahey. Mr. Burke. May it please the Court, Kevin Burke on behalf of the United States. Judge Williams asked why this court should overturn Roberson. And one of the reasons that counsel provided was that now there's a circuit split. The circuit split is really the lone outlier of the Tenth Circuit, with six other circuits deciding the way this court has decided previously. And Roberson, that's not one of the three compelling reasons enumerated for overturning a case. Now, 924C is a very specific statute, which in pertinent parts says, in addition to a punishment for the crime of violence, the add-on is added. In this case, seven years, because the firearm was brandished. And that is notwithstanding any other provision of law. So Congress expresses its intent very clearly. And as this court found in Roberson, this specific provision supersedes the much more general, or as this court called it, the very general provisions of 3553A. Even 3551A, as it prepares a reader to go into 3553A factors, makes explicit that there's an exception to the application of the factors when, quote, otherwise specifically provided. And clearly 924C specifically provides otherwise. The Roberson holding upholds the unambiguous text, the unambiguous congressional intent of 924C. And it says there's a prohibition on undercutting the crime of violence sentence because any offset is essentially, any offset of the underlying offense is cutting into what Congress intended to be a mandatory consecutive sentence. Now, as I mentioned, since Roberson, no compelling reasons for overturning the case law have manifested, no new statutes, no new Supreme Court cases. In fact, in Calabrese, this court considered Roberson, it was invited to overturn Roberson, and again, found as it did in Roberson, and found it was even more satisfied that its holding was a correct one, that it was consistent with the separation of powers, and at that time, three other circuits had joined this court's holding and sensed the Calabrese decision two other circuits had. Further, it's not really clear what the appellants are complaining about because in this case, they're asking Roberson be overturned, but they suggested to the district court in this case an incorrect reading of Roberson. The government put the judge on notice that the defendants were potentially going to lead the court astray, and it appeared during the sentencing that the district court was indeed taking the same position on Roberson that the government was, that any offset whatsoever on the underlying crime of violence sentence is a violation of separation of powers and that it undercuts a seven-year consecutive sentence. Notwithstanding that, the judge later did say that it was accepting this crack-in-the-door theory that the defendants at sentencing were offering, and the crack-in-the-door was this sentence fragment in Roberson, where this court identified all of the various reasons why there's a prohibition on offsetting the underlying crime of violence sentence, and then said it remains to be considered whether any weight may be given. Now, remains to be considered was not a phrase suggesting this court was saving that to be considered on a different day. The court said remains to be considered because it was going to consider it in the next few sentences. And in those next few sentences, this court made it clear you couldn't even reduce a 50-month sentence down to 49 because of the seven-year add-on. That's a 2% reduction. Even a 2% reduction would be violative of 924C. What happened here? Here, the guideline range was 63 to 78 months, and the two defendants received 24 and 30 months on the underlying sentence. So they were less than half the bottom end of the guideline range. And Judge Connolly did say that he felt that that sentence fragment did allow him to give some weight to the overall sentence that he imposed. Now, we're not cross-appealing or anything along those lines. But you're not saying that it's too short? And we're not saying that it's too short. Even though it may be contrary to Roberson? That's correct, Your Honor. But what I am saying is that even if the appellants were to get the requested relief of Roberson being overturned, they already got what they asked for of finding a judge who felt unbound by this prohibition of offsetting the underlying crime based upon the add-on, which Judge Connolly did. He felt unbound. So it's unclear what the appellants really have to complain of. So the United States asks that this court uphold its Roberson decision, that it affirm the sentence. If I understand your last point, counsel, you're saying even though the government could have quarreled with the judge because of the language he used, because it's pretty clear he was using it as an offset to the mandatory minimum, the government decided not to challenge the court's decision? That is absolutely correct. That's absolutely correct, Your Honor. Thank you, Mr. Burke. Thank you. Mr. Lee? On page 13 of the sentencing transcript, the judge said, you do not need to convince me that I don't have the ability to depart from the law. I will follow the law. I am considering counts one through five separately from the consecutive nature. So the judge did, in fact, feel bound by the law, and he made it very clear that he respected this circuit's decisions and that he would follow them. He also made it very clear that he was unhappy with the mandatory sentence that he had to impose in the case. He thought it was excessive. Well, you don't want a longer sentence, do you? Absolutely not, Your Honor. I think that there has to be some sentence in addition to the seven years, but I don't pretend to be wise enough or experienced enough to decide what that would be. Judge Connolly expressed his opinion that he thought that, I believe, three to four years would have been sufficient in a case like this. So how he would work that out, quite honestly, is beyond me. We've been rationalizing it. These guys were really, you know, they're robbing. Before they even get out of the store, practically, they go buy drugs with that money. Yes, sir. And that's all they did. They weren't doing anything that's bad that they did. You know, they brandished this gun. It didn't work, whatever it is. But I wonder, independent of 924C, could they have still gotten that kind of short sentence given the fact that these guys were, I don't want to compare them to Keystone cops because they weren't, but they were really not your typical criminal. They were just surviving on their daily drug habit, even though they were armed robbers. It is a horrible story, Judge. They went from being in training camp for professional football to an accident to junkies to armed robbers. I just wonder if somebody under the sentencing guidelines where you can, you know, for good reason, go below the guidelines, they could have come up with that sentence even 24 and 30 months. I have to agree with the government in this, Your Honor. Your Honor, I think that the seven-year mandatory minimum is exactly that, that they cannot receive one day less. Unless the government sends forth a motion to allow it. I don't believe that there's any way for us to have accomplished that any other way. Just one final thing. There is a split in the circuits. Pepper is a Supreme Court case that came out after Roberson. And I believe that this court, in the interest of justice, will look at this carefully and reconsider its position. And I thank you so much for your time and look forward to your vacating the sentence. Thank you. Thank you. Thanks to all counsel. Counsel, you have the additional thanks of the court for accepting this appointment. Thank you, sir. Case is taken under advisement.